NATHANIEL J. HANNA *vs.* GEORGE W. SINGER.

Lincoln.    Opinion December 11, 1902.

*Libel. Declaration. Newspaper Article. Identification of Plaintiff. Inducement. Innuendo. Officer. Inelegant Language. Demurrer.*

Language cannot be regarded as libelous merely because it is inelegant.

Where an article complained of as libelous, itself fails to identify the plaintiff as the person intended, a count in the declaration which contains no words of inducement, colloquium or innuendo connecting the plaintiff with the alleged libel, is clearly defective, on demurrer.

Counts in a writ for libel which neither contain any allegation that plaintiff held office at the date of the publication, nor that the language claimed to be libelous referred to him in his official capacity, can only cover a libel upon him as a private individual.

Exceptions by defendant.    Sustained.

Action of libel for the publication of divers newspaper articles claimed to have been published in the Damariscotta Herald of and concerning the plaintiff. Defendant filed a general demurrer to the declaration at the first term. The presiding justice overruled the demurrer, pro forma, and the defendant alleged exceptions.

The case is stated in the opinion.

*L. M. Staples,* for plaintiff.

*W. H. Hilton,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, JJ.

STROUT, J. Demurrer to a declaration for libel. The first count is clearly defective. It contains no words of inducement, colloquium or innuendo, connecting the plaintiff with the alleged libel. The article itself, so far as libelous matter is concerned, fails to identify the plaintiff as the person intended.

If in the remaining two counts it was intended to charge the matter published to be libelous of the plaintiff in his office of a

deputy sheriff, they are fatally defective, as neither contains an allegation that he was a deputy sheriff at the date of the publication, nor that the language referred to him in his official capacity. A libel upon him as a private individual is all that these counts cover.

In the second count where the article published speaks of a deputy sheriff rummaging in a sleigh, the innuendo is "meaning the said N. J. Hanna," but the language does not authorize this innuendo. This is very clear on reading the article. After detailing the acts of the deputy sheriff referred to, the article says, "but to return to Nat," a clear indication that the previous statement referred to some person other than the plaintiff. The remainder of the article, though inelegant, even if applied to the plaintiff, cannot be regarded as libelous. Searching for violators of the law, by a private citizen, honorably conducted, is not only justifiable but often praiseworthy; that it arouses the wrath of the offender is natural. A statement of that fact is not libelous.

The third count contains neither inducement, colloquium nor innuendo. The statement in the published article refers to N. G. Hanna, while the plaintiff's name is Nathaniel J. Hanna. There is no positive averment that the plaintiff was intended to be referred to, by the name of N. G. Hanna. Even if the matter could be regarded as libelous, which is doubtful, the count fails to connect it with plaintiff by proper allegations, and is therefore bad.

*Exceptions sustained. Demurrer sustained.*